UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


Maurice Frederick,

        Petitioner,

v.                                  Case No. 2:12-CV-00376
                                    HON. R. ALLAN EDGAR

Catherine Bauman,

        Respondent.

_____/


**OPINION AND ORDER**

        Petitioner filed this § 2254 petition for writ of habeas corpus challenging the validity of his state court conviction for violations of his alleged right to an evidentiary hearing, effective assistance of counsel, substitution of counsel, and a fair trial. Petitioner was convicted by a jury of assault with intent to murder (AWIM, M.C.L. § 750.83), felon in possession of a firearm (felon in possession, M.C.L. § 750.224f), and two counts of possession of a firearm during the commission of a felony (felony firearm, M.C.L. § 750.227b). Petitioner was sentenced on October 29, 2012, and is currently serving, as a third habitual offender, concurrent sentences of thirty-five to sixty years for AWIM, forty-two months to ten years for felon in possession, and two years for each felony firearm conviction (served concurrently to each other and consecutive to the remaining convictions). Petitioner remains in the custody of the Michigan Department of Corrections. Respondent has filed a Motion to Dismiss Petitioner's claim (Docket # 13), and Petitioner has responded (Docket # 33). The matter is now ready for a decision.

        After his conviction, Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claims: (1) request for a new trial due to ineffective assistance of counsel, (2) request for a new trial due to an error in denying the motion

for a mistrial, and (3) request for a new trial due to denial of his request for new appointed counsel. The Michigan Court of Appeals affirmed Petitioner's convictions and denied his motion on April 21, 2011. Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, raising the same issues. On July 25, 2011, the Michigan Supreme Court denied Petitioner's motion because it was not persuaded that the questions presented should be reviewed by it. *People v. Frederick*, 800 N.W.2d 77 (Mich. 2011). Petitioner did not appeal to the United States Supreme Court, and instead filed a habeas petition in this Court on November 1, 2012.

Petitioner maintains that his convictions were obtained in violation of his state and federal rights. Petitioner sets forth four claims for relief:

> I. Petitioner was denied his due process right to an evidentiary hearing to pursue his ineffective assistance of counsel claim.

> II. Petitioner was denied effective assistance of counsel under the Sixth Amendment when trial counsel failed to investigate and prepare an alibi defense.

> III. Petitioner was denied a full and fair determination when the trial court did not conduct the state required hearing to determine if he needed substitution of counsel.

> IV. Petitioner was denied his Sixth Amendment right to a fair trial because he was improperly denied substitution of counsel, for which he requests a new trial.

Respondent has filed a Motion to Dismiss Petitioner's application for habeas corpus relief (Docket # 13). Petitioner filed a Response in Opposition to Respondent's motion on August 21, 2013. (Docket # 33). Upon review of the case, this Court denies Petitioner's motion.

I.

Petitioner filed this petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996. PUB. L. 104-132, 110 STAT. 1214 (AEDPA); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002) (noting that AEDPA prevents federal habeas "retrials" and ensures state convictions are made under state law). 28 U.S.C. § 2254(d) provides that any habeas application by a person in state custody shall not be granted in regards to any claim that has previously been adjudicated on the merits in state court unless the adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

This Court may only consider "clearly established holdings" of the Supreme Court, not lower federal courts, in analyzing a petitioner's claim under § 2254. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). A decision of the state court may only be overturned if: (1) it applies a rule contradicting Supreme Court governing law, (2) it contradicts a set of facts materially indistinguishable from a Supreme Court decision, (3) it unreasonably applies correct Supreme Court precedent to the facts of the case, (4) it unreasonably extends Supreme Court legal principles where it should not apply, or (5) it unreasonably refuses to extend Supreme Court legal principle where it should apply. *Bailey*, 271 F.3d at 655; *see also Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable" simply because that court decides, in its own judgment, that the relevant state decision applied federal law incorrectly. *Williams*, 529 U.S. at 410-11 (noting that it must instead determine if the state court's application of clearly established federal law was "objectively unreasonable"). This Court defers to state court decisions when the state court addressed the merits of petitioner's claim. *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000); *see Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (allowing review of habeas application *de novo* when state court clearly did not reach the question). When applying AEDPA to state factual findings, factual issues by state courts are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429.

After applying the standards under AEDPA to Petitioner's case, this Court concludes that Petitioner has not provided clear and convincing evidence that the state court improperly applied clearly established federal law to the facts of Petitioner's case.

II.

Petitioner argues that this Court should grant him relief because: (1) Petitioner was denied his due process right to an evidentiary hearing where the state courts did not provide him the full and fair opportunity to litigate his ineffective assistance of counsel claim, (2) Petitioner was denied effective assistance of counsel under the Sixth Amendment when trial counsel failed to investigate and prepare an alibi defense, (3) Petitioner was denied a full and fair determination when the trial court did not conduct the state required hearing to determine if he needed substitution of counsel, and (4) Petitioner was denied his Sixth Amendment right to a fair trial because he was improperly denied substitution of counsel, for which he requests a new trial. This Court reviews each of these claims.

## A.  Evidentiary Hearing Claim

Petitioner  argues that his due process rights were violated since he was not permitted to hold an evidentiary hearing regarding his claim for ineffective assistance of counsel. This Court denies Petitioner's request for an evidentiary hearing because Petitioner has not exhausted his state law remedies, and because this is a state law claim that is not cognizable on habeas review.

### 1. The Claim has not been Exhausted in State Courts.

Petitioner's first claim, that he was denied his due process rights due to the trial court's failure to hold an evidentiary hearing, is an issue that Petitioner has not yet raised in the state courts.  Consequently, Petitioner's first habeas claim cannot be reviewed by this Court. Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's

-4-

highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138-39. "[A] state may not be considered to have waived the defense of nonexhaustion unless it does so expressly and through counsel." *Rockwell v. Yukins*, 217 F.3d 421, 423-24 (6th Cir. 2000).

Petitioner bears the burden of showing he has exhausted his state court remedies with this claim. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner alleges his due process rights were violated by the state court's failure to hold an evidentiary hearing in pursuit of his ineffective assistance of counsel claim. However, Petitioner has not raised this claim in the state courts previously. The claims that Petitioner brought before the state courts were: (1) ineffective assistance of counsel, (2) court error in denying a motion for a mistrial, and (3) court error in denying his request to appoint new counsel. Petitioner has not provided any evidence demonstrating that he requested an evidentiary hearing in the state courts.

A habeas applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise his request for an evidentiary hearing. Accordingly, the Court denies Petitioner's request for an evidentiary hearing.

## 2. Issues of State Law are not Cognizable on Habeas Review

Moreover, even if Petitioner properly exhausted his claim, Petitioner's request for an evidentiary hearing is a state law claim that is not cognizable on habeas review. The court may entertain an application for habeas relief on behalf of a person in custody pursuant to the judgment of a state court in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory

-5-

Committee Notes on Rule 4, RULES GOVERNING HABEAS CORPUS CASES). The federal courts have no power to intervene on the basis of a perceived error of state law. *Wilson v. Corcoran*, 562 U.S. 1, 1-2 (2010); *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

Petitioner's claim that the trial court erroneously denied his right to an evidentiary hearing is an issue of state law that is not cognizable on federal habeas review. In Michigan, a trial court may hold a hearing for claims of ineffective assistance of counsel when the claim depends on facts not on the record. *People v. Ginther*, 212 N.W.2d 922, 925 (Mich. 1973). However, there is no clearly established federal law from the Supreme Court that provides Petitioner with "a constitutional right to an evidentiary hearing to establish a claim of ineffective assistance of trial counsel." *Poindexter v. Jones*, No. 1:05-CV-00833, 2008 WL 5422855, at *4 (W.D. Mich. Dec. 30, 3008); *see also Hayes v. Prelesnik*, 193 F. App'x 577, 584 (6th Cir. 2006). Because it is not the province of a federal habeas court to re-examine state law determinations on state law questions, this Court denies Petitioner's request for an evidentiary hearing. *See Bradshaw*, 546 U.S. at 76; *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

## B. Ineffective Assistance of Counsel Claim

Petitioner argues that he was denied his Sixth Amendment right to effective assistance of counsel because his trial counsel failed to investigate and prepare an alibi defense for Petitioner. To prevail on an ineffective assistance of counsel claim, a convicted defendant must demonstrate (1) that counsel's errors were so serious that counsel was not functioning as counsel guaranteed by the Sixth Amendment, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688-96 (1984) (noting that defendant must prove both prongs, deficient performance and prejudice, to prevail). In reviewing an ineffective assistance of counsel claim, courts must strongly presume that counsel's conduct "falls within the wide range of reasonable professional assistance." *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 689). The main issue then is simply whether petitioner's counsel was "so thoroughly ineffective that defeat was 'snatched from the jaws of victory.'" *Id.*

-6-

(quoting *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc), *cert. denied*, 508 U.S. 975 (1993)).

The Michigan Court of Appeals used an analogous standard when denying Petitioner's claim for ineffective assistance of counsel:

> Defendant argues on appeal that he was denied the effective assistance of counsel. In general, a claim of ineffective assistance of counsel presents a mixed question of fact and constitutional law. *People v. LeBlanc*, 465 Mich. 575, 579; 640 N.W.2d 246 (2002). Because defendant did not raise this issue in an appropriate motion in the trial court, our review is limited to mistakes apparent on the record. *People v. Riley*, 468 Mich. 135, 139; 659 N.W.2d 611 (2003). To prevail on a claim of ineffective assistance of counsel, "a defendant must demonstrate that counsel's performance was deficient in that it fell below an objective standard of professional reasonableness, and that it is reasonably probable that, but for counsel's ineffective assistance, the result of the proceeding would have been different." *People v. Jordan*,
> 275 Mich. App 659, 667; 739 N.W.2d 706 (2007). "[D]efendant must overcome a strong presumption that counsel's performance constituted sound trial strategy." *Riley*, 468 Mich. at 140.
>
> Defendant first contends that his defense counsel failed to provide him with the discovery materials related to his case, which prevented him from materially participating in his own defense. The constitutional right to effective assistance of counsel includes the right of a defendant to assist in his own defense. *People v. Sterling*, 154 Mich. App 223, 232; 397 N.W.2d 182 (1986). Assuming defense counsel failed to provide the materials, defendant has not demonstrated that the failure constitutes ineffective assistance of counsel requiring reversal. Even if the failure to provide the discovery materials was objectively deficient conduct, the record does not support a finding that the outcome of the trial would have been different if defendant had received the discovery materials. Significant evidence was presented against defendant and defense counsel cross-examined the prosecution's witnesses and mounted a defense. The record does not indicate that defendant could have assisted in formulating a defense based on any information in the discovery materials, nor does the record support a finding that had defendant participated in his defense in some manner relative to the discovery materials, the outcome of trial would have been different.
>
> Defendant next asserts that he was denied effective assistance of counsel because defense counsel failed to consult with him and

> investigate possible defenses. Defendant "has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel." *People v. Hoag*, 460 Mich. 1, 6, 594 N.W.2d 57 (1999). There is nothing on the record, other than defendant's allegations, to establish that defense counsel did not consult with defendant or failed to investigate defenses. Further, defendant has failed to provide evidence establishing other viable defenses. Thus, defendant has not established the factual predicate for this claim of ineffective assistance of counsel.

*People v. Frederick*, No. 295091, 2011 WL 668371, at *2 (Mich. Ct. App. Feb. 24, 2011).

The State court's review of Petitioner's second claim is thorough and complete. However, within Petitioner's habeas application, he has provided affidavits (not previously provided to the Michigan Court of Appeals) alleging an alibi defense. The ability of a habeas corpus petitioner to introduce new evidence in support of his habeas petition is significantly circumscribed by AEDPA. The Supreme Court has underscored the fundamental policy of AEDPA to "strongly discourage" petitioners from submitting new evidence in support of their request for relief in federal court. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1401 (2011). Except in circumstances outlined in 28 U.S.C. § 2254(e)(2), habeas review is limited to the record that was before the state court. *Cullen*, 131 S. Ct. at 1400-01.

The Rules Governing Section 2254 Proceedings in the District Courts contemplate two methods for the introduction of new evidence in support of a habeas petition. The first method is under Rule 7(a), which allows the court to direct the parties to expand the record by submitting additional materials relating to the petition. The other method is an evidentiary hearing, authorized by Habeas Rule 8. AEDPA significantly limits the circumstances in which a habeas court is allowed to grant an evidentiary hearing. 28 U.S.C. § 2254(e)(2). AEDPA indicates that district courts shall not hold evidentiary hearings "if the applicant has failed to develop the factual basis of a claim in State court proceedings." 28 U.S.C. § 2254(e)(2). This standard requires the exercise of diligence by the habeas petitioner. *Williams v. Taylor*, 529 U.S. 420, 432 (2000). If the record shows that Petitioner is guilty of a lack of diligence or some greater fault in failing to establish a factual basis of the claim in state courts, then the habeas court is likewise required to deny an evidentiary hearing. *Id.* The AEDPA exceptions to this bar

-8-

are: new rules of constitutional law; factual predicates that could not have been previously discovered through the exercise of diligence; or facts showing actual innocence by clear and convincing evidence. 28 U.S.C. § 2254(e)(2)(A).

While § 2254(e)(2) does not mention motions to expand the record under Rule 7(a), both the Supreme Court and Sixth Circuit have held that a motion to expand the record under Rule 7(a) must meet the conditions of § 2254(e)(2). *Holland v. Jackson*, 542 U.S. 649, 653 (2004) ("Those same restrictions apply a fortiori when a prisoner seeks relief based on new evidence without an evidentiary hearing."); *see Landrum v. Mitchell*, 625 F.3d 905, 923-24 (6th Cir. 2010) (expanding the record with other documentary evidence must meet the conditions under § 2254(e)(2)).

Based on the aforementioned authorities, Petitioner's attempt to supplement the record with affidavits to further his ineffective assistance of counsel claim cannot be granted. While the potential alibi defense alleged in Petitioner's affidavits would fall within the actual innocence exception to 2254(e)(2)'s bar from including evidence not used in state courts on habeas review, these affidavits do not clearly and convincingly show Petitioner's actual innocence. Petitioner's affidavits set forth a vague picture of where Petitioner allegedly was during the commission of the crime; however, the affidavits do not specifically account for the precise time in which the crime occurred. Furthermore, Petitioner has not shown that the information provided in his affidavits could not have been previously discovered had he exercised due diligence during his state court proceedings. Consequently, Petitioner has not shown that he is entitled to expand the state court record to further his claim of ineffective assistance of counsel.

Even if this Court were to consider the alibi evidence Petitioner included in his habeas application, Petitioner has still not satisfied either prong under *Strickland*. Petitioner claims that his trial counsel was ineffective for not investigating an alibi defense; however, there is no proof or evidence showing that trial counsel knew of this potential defense. Counsel cannot be expected to investigate, contact, and interview witnesses that he has not been made aware of by a client. *See Ballinger v. Prelesnik*, 709 F.3d 558, 563 (6th Cir. 2013) (noting that counsel cannot be expected to conduct interviews on unknown witnesses). As a result, Petitioner has not

-9-

demonstrated that his trial counsel performed deficiently under the first prong of *Strickland*. Because Petitioner has failed to show that his trial counsel was ineffective, Petitioner's claim of ineffective assistance of counsel is denied.

### C.  Substitution of Counsel Claim

Petitioner alleges that the trial court should have inquired into Petitioner's trial counsel for possible substitution of counsel, and since it did not, he was denied his Sixth Amendment right to a fair trial.  However, Petitioner's third and fourth claims—that the trial court erred in failing to substitute his trial counsel resulting in a violation of his Sixth Amendment right to a fair trial—are procedurally defaulted.  Because Petitioner's third and fourth claims are the same in substance, merely framed differently, this Court addresses these claims together.  When a state law default prevents further state consideration of a federal issue, the federal courts ordinarily are precluded from considering that issue on habeas corpus review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982).  To determine whether a petitioner procedurally defaulted a federal claim in state court, the Court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the state court enforced the rule so as to bar the claim; and (3) the state procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim. *See Lancaster*, 324 F.3d at 436-37; *Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001).  In determining whether a state procedural rule was applied to bar a claim, a reviewing court looks to the last reasoned state court decision disposing of the claim. *See Ylst*, 501 U.S. at 803; *Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010).

Petitioner raised his third and fourth claims on direct appeal,  and the Michigan Court of Appeals denied relief.[1]  The Michigan Court of Appeals was the last court to provide a reasoned opinion regarding these claims:

> Defendant finally argues that the trial court erred by failing to

---

[1]Petitioner alleged to the Michigan Court of Appeals that the trial court erred in failing to substitute his trial counsel. *Frederick*, 2011 WL 668371, at *5.  This Court finds that Petitioner's third and fourth claims—that the trial court erred in failing to substitute his trial counsel resulting in a violation of his Sixth Amendment right to a fair trial—are substantively the same claim as he presented to the Michigan Court of Appeals. .

appoint new counsel for him. "For an issue to be preserved for appellate review, it must be raised, addressed, and decided by the lower court." *People v. Metamora Water Service, Inc.*, 276 Mich. App. 376, 382; 741 N.W.2d 61 (2007). Although defendant moved to have defense counsel removed, he never specifically moved to have new counsel appointed. On a review of the record for plain error, defendant has failed to show good cause to justify appointment of substitute counsel.[FN2] *See People v. Traylor*, 245 Mich. App. 460, 462; 628 N.W.2d 120 (2001).

   FN2. In support of his contention that he should have received substitute counsel, defendant claims that he was unaware trial was to begin and blames his counsel for not objecting to defendant having to wear a jail T-shirt during voir dire. Nothing in the record, however, describes the shirt or supports a finding that the presumption of innocence was impaired. *See, People v. Lewis*, 160 Mich. App. 20, 30-31; 408 N.W.2d 94 (1987) (only if a defendant's clothing can be said to impair the presumption of innocence is there a denial of due process).

*Frederick*, 2011 WL 668371, at *5.  The Michigan Court of Appeals clearly indicated that because Petitioner did not follow state procedural rules by requesting substitute counsel before the trial court, it was limited to a "plain error" review of Petitioner's claims.  *See Taylor v. McKee*, 649 F.3d 446, 450 (6th Cir. 2011) (noting that claims not raised in the trial court are reviewed only for plain error).  Plain error review has long "constitute[d] an independent and adequate state ground for a procedural default."  *Id.*; *see Rogers v. Howes*, 144 F.3d 990, 992 (6th Cir. 1998) (noting that a state law procedural rule is adequate and independent when it was "firmly established and regularly followed" at the time of the asserted procedural default).  Based on the Michigan Court of Appeals' enforcement of this clearly established state law procedure, Petitioner's third and fourth claims—that the trial court failed to substitute counsel resulting in a violation of his Sixth Amendment right to a fair trial—are procedurally defaulted.  Although there may be an "exceptional case in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question," *see Lee v. Kemna*, 534 U.S. 362, 376 (2002), this case does not fall within that "limited category."  *Id.*

   Because Petitioner procedurally defaulted his federal claim in state court, Petitioner must demonstrate either (1) cause for his failure to comply with the state procedural

rule and actual prejudice flowing from the violation of federal law alleged in his claim, or (2) that a lack of federal habeas review of the claim will result in a fundamental miscarriage of justice. *See House v. Bell*, 547 U.S. 518, 536 (2006). The miscarriage-of-justice exception only can be met in an "extraordinary" case where a prisoner asserts a claim of actual innocence based upon new reliable evidence. *House*, 547 U.S. at 536. A habeas petitioner asserting a claim of actual innocence must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Petitioner has not shown that either exception to the procedural default rule applies to his third and fourth claims. Petitioner does not argue cause or demonstrate actual prejudice for his failure to comply with state procedural rules. Furthermore, Petitioner has not shown that a fundamental miscarriage of justice would result upon a lack of federal habeas review of his third and fourth claims. While Petitioner believes the affidavits he provided with his habeas application exemplify his innocence, and that his trial counsel should have been substituted for not investigating this defense, Petitioner has not shown that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt upon knowledge of this evidence. *Schlup*, 513 U.S. at 327. Thus, this Court denies Petitioner's third and fourth claims.

Even if Petitioner's third and fourth claims were not procedurally defaulted, the Michigan Court of Appealed considered the merits of Petitioner's claim when it denied his substitution of counsel claim. The Appellate Court's review of Petitioner's claim was thorough and complete. For the same reasons as set forth by the Michigan Court of Appeals, this Court dismisses Petitioner's substitution of counsel claim on the merits.

III.

This Court concludes that all of Petitioner's claims are without merit. Should Petitioner choose to appeal this action, the Court must determine whether a certificate of appealability may be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Each issue must be considered

under the standards set forth in *Slack v. McDaniel*, 529 U.S. 473 (2000).  Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.  The Court examined each of Petitioner's claims under the *Slack* standard and concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong.  Therefore, this Court denies a certificate of appealability to each issue raised by Petitioner.

       For the same reasons the Court dismissed this action, the Court will certify that any appeal by Petitioner from the Court's decision and judgment would be frivolous and not taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24.  Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is hereby **DENIED**.

       In summary, Petitioner's motion for post-conviction relief (Docket # 6) pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE**.  A judgment consistent with this Opinion and Order will be entered.

       **SO ORDERED**.


                 */s/ R. Allan Edgar*
                 R. ALLAN EDGAR
                 UNITED STATES DISTRICT JUDGE

Dated: June 10, 2015